IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANETTE ANDERSON, Representative of the ESTATE OF ESTHER LEE WRIGHT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCK & CO., INC., and John and Jane Does, as Sales Representatives for MERCK & CO, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION No. 05-CV-10947-JLT |

**DECLARATION OF BRADLEY E. ABRUZZI**

Bradley E. Abruzzi hereby deposes and says:

1.　　I am an attorney at the law firm Foley Hoag LLP and represent defendant Merck & Co., Inc. in this action. I am admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I have personal knowledge of the matters set forth in this Declaration and could and would competently testify to them if called as a witness.

2.　　The document attached as Exhibit A is a true and accurate copy of an order issued on December 6, 2004 in *Denny v. Merck & Co., Inc.*, No. 3:04-CV-526 (S.D. Tex.).

3.　　The document attached as Exhibit B is a true and accurate copy of a minute entry issued on January 5, 2005 in *Davis v. Merck & Co., Inc.*, No. 04-CV-2937 (E.D. La.).

4.　　The document attached as Exhibit C is a true and accurate copy of an order issued on December 14, 2004 in *Fontanilles v. Merck & Co., Inc.*, No. 04-CV-22799-HUCK (S.D. Fla. Dec. 14, 2004).

5. The document attached as Exhibit D is a true and accurate copy of an order issued on January 3, 2005 in *Falick v. Merck & Co., Inc.*, No. 04-CV-3006 (E.D. La.).

6. The document attached as Exhibit E is a true and accurate copy of an order issued on November 29, 2004 in *Shannon v. Merck & Co., Inc.*, No. 03-CV-105-D-B (N.D. Miss.).

I declare under the penalty of perjury that the foregoing statement is true and correct.

Dated: May 18, 2005                    */s/ Bradley E. Abruzzi*
                                        Bradley E. Abruzzi

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 0 6 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JEFFREY L. DENNY, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-04-526 |
| § | |
| MERCH & CO., INC., et al., § | |
| § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

This VIOXX claim has already generated a considerable amount of pretrial wrangling and procedural posturing. Plaintiffs Jeffrey and Molly Denny (collectively, "Plaintiffs") allege that Jeffrey Denny suffered personal injuries as a result of ingesting VIOXX. They filed suit in the 239th Judicial District Court in Brazoria County on May 29, 2003. Merck & Co., Inc. ("Merck") removed the case to this Court on September 11, 2003. This Court *sua sponte* transferred the case to the Tyler Division of the Eastern District of Texas on November 14, 2003. The Honorable Leonard Davis of the Eastern District of Texas remanded the case back to the Brazoria County state court. Merck removed the case back to this Court on August 31, 2004. Now before the Court is Merck's Motion to Stay All Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation. For the following reasons, the Motion is GRANTED.

VIOXX is a painkiller often prescribed for arthritis patients. On September 30, 2004, Merck voluntarily withdrew VIOXX from the market because of evidence indicating it created a higher risk

-1-

of heart attack and stroke. Since Merck announced the withdrawal, a veritable avalanche of VIOXX claims have been filed in federal district courts all over the country. Indeed, one cannot watch daytime television or read a newspaper without seeing lawyers advertising for VIOXX patients. Given the explosion in VIOXX litigation over the past couple of months, it is inevitable to this Court that the Judicial Panel on Multidistrict Litigation ("MDL") will eventually consolidate these claims.

Plaintiffs argue that a stay is inappropriate because 28 U.S.C. § 1407, the statute authorizing transfer to the MDL for consolidation, does not expressly grant federal district courts the power to stay proceedings prior to transfer. Plaintiffs may be correct, but that avails them nothing. The power to stay is well established and particularly apt here. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). It would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims.

Accordingly, Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is hereby GRANTED. This case is administratively closed until the MDL issues its ruling.

IT IS SO ORDERED.

DONE this 3rd day of December 2004, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

-2-

# EXHIBIT B

**MINUTE ENTRY**
**FALLON, J.**
**January 4, 2005**



## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEONCE DAVIS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-2937** |
| **MERCK & CO., INC.** | * | **SECTION "L"(2)** |

    Before the Court is the Motion of the Defendant to Stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation for transfer of this case, and numerous other cases with overlapping factual issues regarding the VIOXX® product liability cases, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation is scheduled to hear Merck's motion on January 27, 2005. Given the great likelihood that an MDL will be established and this and other related cases transferred, the Court hereby GRANTS the Motion of Defendant to Stay all proceedings in the matter.

    Accordingly, IT IS ORDERED that this case be STAYED pending further action by the Judicial Panel on Multidistrict Litigation.



# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 04-22799-CIV-HUCK

FILED by ___ D.C.

DEC 14 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

CLARA FONTANILLES, an individual, on
behalf of himself and all others similarly
situated,

        Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corp.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STAY

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand [DE#5], filed November 10, 2004 and upon Defendant's Motion to Stay All Proceedings [DE#3-1], filed November 8, 2004. Under different circumstances, the Court would resolve Plaintiffs' Motion to Remand first. However, the Court finds that several other cases in this district have been filed regarding claims similar to those alleged by the plaintiffs in the above-referenced case. *See Abraham v. Merck & Co., Inc.*, Case No. 04-22631-CIV-MARTINEZ/KLEIN; *Schneider v. Merck & Co., Inc.*, Case No. 04-22632-CIV-MORENO/GARBER; *Gerher v. Merck & Co., Inc.*, Case No. 04-61429-CIV-DIMITROULEAS/TORRES. In addition, numerous similar VIOXX cases have been stayed in other districts. In most, if not all, of these similar cases, the district court has granted Defendant's Motion to Stay All Proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). The Court believes that these cases should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner.

In the present case, the Court concludes that judicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to give an opportunity to all similarly

situated VIOXX cases for transfer to the MDL Judge and to allow the MDL judge to resolve the issues presented by similar remand motions. This Court acknowledges that it has jurisdiction to resolve the Plaintiffs' motion to remand prior to a transfer to an MDL order becoming final. However, this Court also has discretion to decline to decide the motion to remand while awaiting the MDL Panel's decision on transfer. *Med. Soc'y of the State of New York v. Connecticut Gen. Corp.*, 187 F. Supp.2d 89, 91 (S.D.N.Y. 2001); *In re Asbestos Products Liab. Litig.*, 170 F. Supp.2d 1348, 1349 n.1 (J.P.M.L. 2001); *Rudy v. Wyeth*, No. 03-80716 (S.D. Fla. December 11, 2003). Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issues at this time. In the event that the JPML determines that transfer of this case is not warranted, Plaintiffs may then file a notice with this Court stating that they renew their motion to remand. Therefore, Plaintiffs will not suffer prejudice by a stay pending the JPML decision. Accordingly, it is

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [DE#3-1] is GRANTED. This cause remains stayed pending transfer to the MDL Court.

2. Plaintiffs' Motion to Remand [DE#5] is DENIED without prejudice to renew in the event that the cause is not transferred to the MDL Court. If transfer is denied, the Plaintiffs shall file their notice of renewal of the motion for remand within ten (10) days.

DONE in Chambers, Miami, Florida, December 14, 2004.

Paul C. Huck
United States District Judge

cc: Counsel of Record

2

**EXHIBIT D**

```
                                    FILED
                              U.S. DISTRICT COURT
                              ASTERN DISTRICT OF LA

                              2005 JAN -3  PM 3:58

                              LORETTA G. WHYTE
                                     CLERK
```

MINUTE ENTRY
BARBIER, J.
JANUARY 3, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOWARD MARK FALICK                         CIVIL ACTION

VERSUS                                     NO: 04-3060

MERCK & CO., INC.                          SECTION: "J"(2)

Before the Court is Merck's **Motion to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation**. Rec. Doc. 6. Plaintiff opposes the motion. Having considered the motion, the memoranda of counsel, and applicable law, the Court finds that defendant's motion should be granted and this matter should be stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("the Panel").

When deciding whether to issue a stay pending a decision by the Panel, courts look at considerations of judicial economy and

```
DATE OF ENTRY
  JAN - 4 2005
```

```
__ Fee_____
__ Process___
X  /Dktd_____
__ CtRmDep___
__ Doc. No___
```

prejudice to the parties.[1] This case was filed on November 9, 2004 and discovery has not begun. The Court finds that plaintiff will not be unduly prejudiced if this matter is stayed pending a decision by the Panel. Considering the multitude of cases currently stayed due to the pending MDL coordination,[2] the Court finds that staying the proceedings will serve the interests of judicial economy. Accordingly,

**IT IS ORDERED** that Merck's **Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation** (Rec. Doc. 6) should be and hereby is **GRANTED**.

\* \* \* \* \* \* \* \* \*

---

[1] <u>Rivers v. The Walt Disney Co.</u>, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

[2] <u>See</u> Motion to Stay All Proceedings, Rec. Doc. 5, 5-7.

2

# EXHIBIT E

FILED
NOV 29 2004
Arlen B. Coyle, Clerk
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FRANCES SHANNON                                                                PLAINTIFF

vs.                                                               No. 2:03CV105-D-B

MERCK & CO., INC.; et al.                                         DEFENDANTS

<u>ORDER GRANTING MOTION TO STAY</u>

Presently before the court is the Defendant Merck's motion to stay these proceedings pending potential transfer to a Vioxx multidistrict proceeding. Upon due consideration, the court finds that the motion should be granted.

The decision whether to grant a stay under these circumstances is completely within the discretion of the court. See, e.g., <u>Boudreaux v. Metropolitan Life Ins. Co.</u>, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165, 81 L. Ed. 153 (1936). Here, the court finds that because the issues involved in this matter are likely to be similar to other potentially transferred Vioxx cases, the policies of efficiency and consistency of pretrial rulings will be furthered by this court staying these proceedings, pending a decision by the MDL panel to transfer this case.

THEREFORE, it is hereby ORDERED that the Defendant's motion to stay these proceedings pending a ruling on the transfer of this case to the MDL (docket entry 19) is GRANTED; these proceedings are hereby STAYED for ninety (90) days pending transfer to a multidistrict proceeding.

SO ORDERED, this the 24th day of November 2004.

/s/ Glen H. Davidson
Chief Judge